PREGERSON, Circuit Judge,
dissenting:
In 1997, Luis Enrique Platas-Hernan-dez came to the United States to escape gang violence in Mexico. He was 22 years old. He has lived in the United States for the past 18 years. He has built a life here. He enrolled in English classes, where he met Mercy, his partner and the mother of their two United States citizen sons, Luis (age 9) and Oswaldo (age 5). He' works two jobs to support his family. Platas-Hernandez is an active and well-liked member of his community, a respected employee, and an excellent parent.
In December 1999, Platas-Hernandez traveled to Mexico to care for his ailing father. In October 2000, while returning to the United States, he was detained at the border and removed under an expedited removal process. That process did not provide for a hearing. Three days after being removed, Platas-Hernandez returned to the United States.
In January 2011, Immigration and Customs Enforcement took Platas-Hernandez into custody after he was arrested for driving under the influence. Platas-Hernan-dez applied for cancellation of removal under INA § 240A(b)(l) based on his ten years of continuous residency in the United States and hardship to his two United States citizen children. Despite the equities in this case, his application for cancellation of removal was not considered. Instead, the government reinstated his prior 2000 order of removal under the reinstatement statute, 8 U.S.C. § 1231(a)(5). Once again, Platas-Hernandez was removed to Mexico without a hearing and without the opportunity to apply for relief.
Platas-Hernandez’s case is yet another example of the cruelty and harshness of our immigration • laws and the suffering inflicted on innocent family members and children. When a parent, such as Platas-Hernandez, is denied all relief from removal and is banished from the country, in many cases, his children will also suffer a form of banishment because there is a high probability that economic circumstances and strong family ties will compel the children to leave the country of their birth and join their parents in a hard environment. Should this come to pass, our country will be deprived of the talents of these children and they will be denied a productive future in the country of their birth. This de facto banishment also denies the children their constitutionally protected right to remain in the country of their birth with their family intact, in violation of due process. See Moore v. City of E. Cleveland, 431 U.S. 494, 503-05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) (“Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is *407 deeply rooted in this Nation’s history and tradition.”); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 81 L.Ed.2d 551 (1972) (“The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment”).
I decline to be a party to such an unkind result. Therefore, I respectfully dissent.